Peter L. CLEARY, Appellant,

v.

NATIONAL DISTILLERS AND CHEMICAL CORPORATION, a Virginia corporation, and McMinnville Sunshine Dairy Inc., an Oregon corporation, Appellees.

No. 72–2460.

United States Court of Appeals, Ninth Circuit.

Oct. 29, 1974.

George M. Joseph (argued), of Bemis, Breathouwer & Joseph, Portland, Or., for appellant.

Cleveland C. Cory (argued), of Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for appellee National Distillers.

Harry W. Devlin (argued), McMinnville, Or., for appellee McMinnville Sunshine Dairy.

## OPINION

Before KILKENNY and SNEED, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

Cleary appeals from a directed verdict in favor of appellees in a treble damage suit under the Sherman Act, 15 U.S.C. § 1 et seq. Appellant alleges that appellees, National Distillers and Chemical Corporation (National) and McMinnville Sunshine Dairy, Inc. (Sunshine), combined to restrain trade by preventing him from purchasing from National, a hydrocarbon detection device known in the dairy business as a "snifter."

The sole issue on appeal is the sufficiency of the evidence supporting appellant's claim that appellees engaged in a concerted refusal to deal. We find appellant's evidence, taken as a whole, is insufficient and, therefore, affirm.

In considering a motion for a directed verdict, the court must give the party against whom the motion is made the benefit of all reasonable evidentiary inferences. Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 699, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962); Independent Iron Works, Inc. v. United States Steel Corp., 322 F.2d 656, 661 (CA9 1963), cert. denied 375 U.S. 922, 84 S.Ct. 267, 11 L.Ed.2d 165. This is no less true in an antitrust case. However, if there is no substantial evidence to support the claim, the court must direct a verdict. Chisholm Bros. Farm Equip. Co. v. Int'l Harvester Co., 498 F.2d 1137 (CA9 1974). Such a result is dictated by the facts in this case.

Appellant's proof consisted of: (1) that he contacted National and ex-

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

pressed a desire and a need for a snifter; (2) that he was given the "run arround" by National; (3) that National sold snifters to other dairies, including Sunshine, in appellant's area; (4) that Sunshine's snifter was installed on the same day it entered into a lease contract with National; and (5) that after appellant sold his dairy to another party, appellant received an offer from National to lease a snifter. This evidence is wholly inadequate to sustain appellant's claim.

▮▮ First of all, appellant presented no evidence that he made a firm demand or offer to buy a snifter. All we have is evidence of preliminary negotiations. A demand and refusal is a prerequisite to a claim of concerted refusal to deal. Royster Drive-In Theatres v. American Broadcast, etc., 268 F.2d 246 (CA2 1959), cert. denied 361 U.S. 885, 80 S.Ct. 156, 4 L.Ed.2d 121 (1959); Wilwaukee Towne Corp. v. Loew's, Inc., 190 F.2d 561 (CA7 1951); cert. denied 342 U.S. 909, 72 S.Ct. 303, 96 L.Ed. 680 (1952). A plaintiff can have no relief when his failure to obtain a desired product is attributable to his own failure to make a request. Dahl, Inc. v. Roy Cooper, 448 F.2d 17, 19 (CA9 1971).

▮▮ Furthermore, a claim of concerted refusal to deal obviously cannot stand unless there is evidence of concert. An individual distributor acting alone has the right to deal with whomsoever he pleases. Richetti v. Meister Brau, Inc., 431 F.2d 1211 (CA9 1970), cert. denied 401 U.S. 939, 91 S.Ct. 934, 28 L.Ed.2d 219 (1971). Unless there is evidence of an agreement or other concerted action by appellees, appellant's claim is baseless. Klor's, Inc. v. Broadway-Hale Stores, 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741 (1959); Dahl, Inc. v. Roy Cooper, *supra*, 448 F.2d at 19.

▮ The only evidence presented by appellant which might establish an agreement or conspiracy between appellees is hearsay, which was properly rejected by the district court. The propo-

nent of a conspiracy must lay a proper foundation of independent evidence before hearsay evidence can be admitted. Flintkote Co. v. Lysfjord, 246 F.2d 368 (CA9 1957), cert. denied 355 U.S. 835, 78 S.Ct. 54, 2 L.Ed.2d 46. Here, there was no such independent evidence presented. In these circumstances, appellant's allegations of concerted action must fail.

Our study of the record and the law convinces us that the district court did not err in granting appellees' motion for a directed verdict.

Judgment affirmed.