Raymon TATE; Liberty Fuels, Inc.; Dale Sobek; 6000 S Corporation, Plaintiffs—Appellants,

v.

PG & E CORPORATION; Sempra Energy Services Company; San Diego Gas and Electric Company; Enova Corporation; Picken Fuel Corporation; Ford Motor Company; Southern CA Gas, Defendants—Appellees.

No. 02–17117.

D.C. No. CV–01–04015–WHA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2004.

Decided March 30, 2004.

---

**530**

Michael I. Spiegel, Esq., Charles M. Ka-
gay, Spiegel, Liao & Kagay, San Francis-
co, CA, Terri Mandel, Jodi Chall, Esq.,
Law Offices of Terri Mandel, San Mateo,
CA, for Plaintiffs–Appellants.

Michelle L. Younkin, Esq., Kirk C. Jen-
kins, Esq., Matthew A. Fischer, Esq., Paul
J. Riehle, Esq., Sedgwick Detert Moran &
Arnold, Michael D. Whelan, Stephen L.
Schirle, Esq., PG&E Law Department,
San Francisco, CA, Stan Blumenfeld, Esq.,
David Hurwitz, Esq., O'Melveny & Myers
LLP, Carlton A. Varner, Esq., Andrea B.
Hasegawa, Esq., Sheppard, Mullin, Richt-
er & Hampton LLP, Cranston J. Williams, Esq., Wendy E. Stanford, Esq., Jack I. Semet, Esq., Baker & Hostetler LLP, Los Angeles, CA, for Defendants–Appellees.

Before SCHROEDER, Chief Judge, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Plaintiffs–Appellants are Raymond Tate, Liberty Fuels, Inc., Dale Sobek, and 6000 S Corporation. They appeal the district court's judgment in favor of defendant Pacific Gas & Electric Company ("PG & E") dismissing plaintiffs' action for alleged violations of the federal antitrust laws and RICO.

The district court properly granted the Federal Rule of Civil Procedure 12(b)(6) motion to dismiss all of the antitrust claims except the claim for refusal to deal. The complaint failed adequately to allege the elements of a claim under any of the theories asserted in the dismissed claims.

■ The district court also properly granted summary judgment against the plaintiffs on the refusal to deal claim. The materials before the district court on the motion for summary judgment indisputably showed that the plaintiffs never filed any formal application for natural gas at any of the sites for which they claim a refusal to deal. Both a demand and refusal are required to make out a claim for refusal to deal, at least absent proof that such a request would be futile. *Ostrofe v. H.S. Crocker Co., Inc.,* 740 F.2d 739, 743–44 (9th Cir.1984); *Cleary v. Nat'l Distillers & Chem. Corp.,* 505 F.2d 695, 697 (9th Cir.1974). Because the plaintiffs did not show that they requested service or that such a request would have been futile, the district court correctly held that there was

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

no genuine issue of material fact as to whether PG & E refused to deal with the plaintiffs.

The district court properly dismissed the RICO claim on the pleadings because the predicate acts of mail fraud and wire fraud were not properly pled under the heightened pleading standards applicable to fraud claims. Fed.R.Civ.P. 9(b). Rule 9(b)'s requirements apply to RICO actions alleging a predicate act of fraud. *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir.1991).

AFFIRMED.